IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-590-D

|  |  |  |
|---|---|---|
| REINALDO OLAVARRIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROY COOPER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On May 19, 2018, the court granted Reinaldo Olavarria's ("Olavarria" or "plaintiff") application to proceed in forma pauperis, dismissed his complaint without prejudice, and granted Olavarria leave to file an amended complaint [D.E. 8]. On June 18, 2018, Olavarria, proceeding pro se, filed an amended complaint [D.E. 9]. On July 12, 2018, the clerk issued summonses [D.E. 11]. On July 24, 2018, the United States Marshal Service filed returns of service on all defendants [D.E. 13–21]. On September 5, 2018, defendants moved to dismiss the amended complaint [D.E. 33, 37]. On April 18, 2019, the court granted the motions to dismiss. See Olavarria v. Cooper, No. 5:17-CV-590-D, 2019 WL 1748506 (E.D.N.C.) (unpublished), vacated and remanded, 776 F. App'x 128 (4th Cir. 2019) (per curiam) (unpublished).

On May 17, 2019, Olavarria appealed [D.E. 48]. On August 26, 2019, the Fourth Circuit remanded the case for further consideration of Olavarria's Title VII claim in light of Fort Bend Cty., Tx. v. Davis, 139 S. Ct. 1843 (2019). See [D.E. 52]; Olavarria, 776 F. App'x at 129. On September 9, 2019 and September 23, 2019, defendants again moved to dismiss the complaint [D.E. 54, 58]. On October 9, 2019, Olavarria moved for entry of judgment in his favor [D.E. 60]. As explained below, the court grants defendants' motions and denies Olavarria's motion.

I.

According to Olavarria, "[t]he purpose of this complaint is to address continued deprivations of civil rights. Because those deprivations are not limited to one arm/branch/department of North Carolina, the suit is against North Carolina as a whole, for the most part." Am. Compl. [D.E. 9] 1. Olavarria cites "XIV Amendment of the US Constitution, Section 2; Section 1981 of Title 42 (Equal Rights Under the Law); 42 U.S.C. § 1981[;] 42 U.S.C. § 1983; 18 U.S.C. § 241; 18 U.S.C. § 242; 28 U.S.C. § 1443[;]" and "Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution" as the legal bases for his claims. Id. at 10.[1]

Four of Olavarria's claims relate to several state-court proceedings, including "divorce proceedings, and in a separate additional processing in a child support case and alienation of affection case," along with an "Industrial Commission case [which] is currently before the commission." Id. at 6. Olavarria alleges that attorneys in the Industrial Commission case "did readily violate commission rules and orders," and that an attorney in the divorce proceedings "filed motions knowing they were misrepresenting what the judge ordered." Id. at 7–8. When Olavarria attempted to bring these issues to the courts through motions, they were "not . . . ruled upon," and in one case a "domestic violence petition was denied by Judge Lori Christian without a hearing, in violation of Due Process." Id. at 7. Olavarria alleges that "missing motions and documents from the divorce proceedings[]" resulted in a "miscarriage of justice" and "orders not based on 'facts'." Id. at 7–8.

Olavarria also alleges that, in 2010, he was "falsely accuse[d] . . . of Child Abuse," and that

---

[1] Sections 241 and 242 of Title 18 of the United States Code "provide no basis for civil liability." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam); see Huston v. Slanina, No. 12 C 4582, 2012 WL 4464301, at *2 (N.D. Ill. Sept. 24, 2012) (unpublished) (collecting cases). Thus, the court dismisses any claim brought under those statutes.

2

the charge continues to "show up on my criminal background check, although the charge was dismissed after trial, without leave." Id. at 8. Olavarria alleges that he "continue[s] to have to deal with the repercussions of" that charge, including an inability to volunteer at his children's school, and employment discrimination. Id. Finally, in a "corollary claim[,]" Olavarria alleges that he has "completed and submitted over 500 employment applications with the State of North Carolina and local government entities in North Carolina," but has only received eight interviews in ten years, "clearly show[ing] for years the pattern of open discrimination." Id. Olavarria cites an interview "with Wake County Human services and I met the none-disabled [sic] white female whom the county ended up hiring." Id. at 8–9. Olavarria "believe[s] that it can be shown through the courts that the positions I applied for, as is commonly known in NC, were given prejudicially to persons that are at minimum not disabled." Id. at 9.

Olavarria names as defendants North Carolina Governor Roy Cooper, North Carolina Office of State Human Resources Director Barbara Gibson, former North Carolina Supreme Court Chief Justice Mark Martin, former North Carolina Industrial Commission Chair Charlton Allen, three attorneys with the North Carolina Department of Justice and an attorney for Wake County, and North Carolina Department of Health and Human Services Secretary Mandy Cohen. See id. at 1. Olavarria seeks monetary damages and declaratory relief. See id. at 9.

II.

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). A federal court

"must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine, 411 F.3d at 479–80. As the party invoking federal jurisdiction, Olavarria bears the burden of establishing that this court has subject-matter jurisdiction in this action. See, e.g., Steel Co., 523 U.S. at 104; Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Evans, 166 F.3d at 647. A court should grant a motion to dismiss pursuant to Rule 12(b)(1) "only if the material jurisdictional facts are not in dispute and the moving party is entitled to judgment as a matter of law." Id. (quotation omitted).

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S.

4

at 678–79. Rather, a plaintiff's allegations must "nudge[ ] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano, 521 F.3d at 304 n.5 (quoting Twombly, 550 U.S. at 555); see Iqbal, 556 U.S. at 677–83; Coleman, 626 F.3d at 190; Nemet Chevrolet Ltd., 591 F.3d at 255–56; Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Although a court must liberally construe a pro se plaintiff's allegations, it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011); see Giarratano, 521 F.3d at 304 n.5.

When evaluating a motion to dismiss for failure to state a claim upon which relief can be granted, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court may also consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity." Goines, 822 F.3d at 166. Additionally, a court may take judicial notice of public records without converting the motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The court lacks jurisdiction over Olavarria's claims alleging defects in state-court proceedings for the reasons stated in its prior order. See Olavarria, 2019 WL 1748506, at *3–4. Thus, the court dismisses claims one through four. The court also dismisses claim five for the reasons stated in its prior order. See id. at *4.

As for Olavarria's claim of discriminatory hiring practices, the court reviews the claim pursuant to 28 U.S.C. § 1915(e)(2)(B). To state a disparate impact claim, a Title VII plaintiff must first show "that an employer uses a particular employment practice that causes a disparate impact on the basis of race, color, religion, sex, or national origin." Ricci v. DeStefano, 557 U.S. 557, 578 (2009) (quoting 42 U.S.C. § 2000e-2(k)(1)(A)(i)). In other words, a plaintiff must first identify a particular employment practice that, although facially neutral, causes a disparate impact on a protected group. See Connecticut v. Teal, 457 U.S. 440, 446 (1982); Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 265 (4th Cir. 2005); Walls v. City of Petersburg, 895 F.2d 188, 191 (4th Cir. 1990); Rocha v. Coastal Carolina Neuropsychiatric Crisis Servs., P.A., 979 F. Supp. 2d 670, 681 (E.D.N.C. 2013). A plaintiff can use statistical evidence to meet this burden. See Anderson, 406 F.3d at 265; Walls, 895 F.2d at 191.

Olavarria fails to identify a specific employment practice that caused a disparate impact to a protected class. Moreover, Olavarria's vague reference to "employment statistic[s] kept by the State of North Carolina" fails to plausibly allege a disparate impact on any protected class, or that agencies at the state and local levels are engaged in discriminatory hiring practices. See [D.E. 9] 8; cf. Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 353–54 (2011); Anderson, 406 F.3d at 265–66. To the extent that Olavarria relies on 42 U.S.C. § 1981 for his discrimination claim, the claim fails for the reasons stated in the court's prior order. Olavarria, 2019 WL 1748506, at *5. Thus, the court

dismisses claim six of the complaint.[2]

### III.

In sum, the court GRANTS IN PART defendants' motions to dismiss [D.E. 54, 58], DENIES plaintiff's motion for entry of judgment [D.E. 60], and DISMISSES the action without prejudice. The clerk shall close the case.

SO ORDERED. This _16_ day of April 2020.


J. Dever

JAMES C. DEVER III
United States District Judge

_____

[2] The court need not address defendants' argument under Federal Rule of Civil Procedure 12(b)(5). See [D.E. 38] 6–12.

7